## STATE v. FREEMAN.

An ordinance of the city of Dover, prohibiting restaurants to be kept open after ten o'clock at night, is authorized by the charter, and is not in conflict with the constitution of the State.

COMPLAINT against the respondent for keeping open a restaurant, in the city of Dover, after 10 o'clock at night, contrary to the ordinance of the city.

The facts sufficiently appear in the opinion of the court.

*Hamlin,* (Solicitor,) for the State.

*Wheeler,* for the respondent.

BELL, J. By an ordinance of the city of Dover, it was provided that "no person shall keep open any restaurant, or any place used as a restaurant, in the city, in the night, aften ten o'clock, or make any sale or sales within such restaurant or place, or permit any person or persons to remain within the same in the night after the hour aforesaid." (Section 1.)

State *v.* Freeman.

"Every person violating the first section of this ordinance shall forfeit and pay for each offence a sum not less than five dollars, nor more than twenty dollars." (Section 4.)

The charge against the respondent is, that on the 30th day of March, 1858, in the city of Dover, he did keep open a certain restaurant, within the city of Dover, in the night of said day, after ten o'clock, contrary to an ordinance of said city of Dover, &c.

The respondent keeps a saloon in said city of Dover, where he sells oysters and beer. A customer calling at about ten o'clock, he closed the outside door without locking it, and extinguished the lights in the front part of the shop, but left those in the back part burning, and they remained till twenty minutes after ten, and till the customer had eaten and paid for an oyster stew.

No question is made in argument that the place called "a saloon" and "a shop," kept by the respondent, was a restaurant, within the meaning of the ordinance, nor that it was kept open, notwithstanding the shutting of the outer door, within the prohibition. It does not seem to us that any question could seriously be made as to either.

It is contended that the charter of the city does not confer on the city council authority to pass such an ordinance, because it is repugnant to the constitution and laws of the State.

By the charter, the city council are authorized to "make and establish by-laws on certain enumerated subjects, and may make any other by-laws, regulations and ordinances, which may seem for the well being of said city, provided they be not repugnant to the constitution and laws of this State."

The objection is that the ordinance deprives the citizen of the right guaranteed to him by the constitution, of "acquiring" "property" by the prosecution of a lawful business.

State v. Freeman.

It is an unavoidable consequence of city ordinances, that they in some degree interfere with the unlimited exercise of private rights which were previously enjoyed. It is one thing to deprive a party of his rights, and quite another to regulate and restrain their exercise in such a manner as the common convenience and safety may require. If it is permissible to interfere in any way with the private right to carry on and manage his lawful business at such time and place, and in such manner as suits himself, we are unable to see anything unreasonable in requiring places of public entertainment to be closed at seasonable hours. The guaranty of the constitution is just as effective to secure the citizen against the interference of the legislature, as of the city council, and it has never been questioned that the legislature may constitutionally pass laws materially interfering with the business of individuals.

It has been heretofore made a question in this State, how far the legislature could authorize the municipal authorities of our cities to make ordinances on these subjects. The question was carefully considered in the case of State v. Clark, 8 Fost. (28 N. H.) 176; and the ordinance then in question was held legal and binding. A large number of authorities were cited and examined, and they seem to us fully to sustain the decision.

The ordinance here in question is open to no objection which does not apply with equal force to the ordinance then in question; and we therefore consider that case decisive of the present, both as to the power of the legislature to confer the power on the city council, as to the power granted being quite sufficient to reach this case; and as to its exercise in the passing of this ordinance being free from any constitutional or legal objection.

*Judgment on the verdict.*